## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA NEWNAN DIVISION

| | | |
|---|---|---|
| **TAMMY KILGO,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **Case No.:** |
| **V.** | ) | |
| | ) | |
| **CITY OF WOODBURY POLICE** | ) | **JURY TRIAL DEMANDED** |
| **DEPARTMENT & GREGORY** | ) | |
| **BRADSHAW,** | ) | |
| | ) | |
| **DEFENDANTS.** | | |

## COMPLAINT

COMES NOW, Plaintiff Tammy Kilgo ("Plaintiff" or "Ms. Kilgo"), by and through her undersigned counsel, and files this, her Complaint for Damages against Defendants, City of Woodbury Police Department ("Defendant Police Department" or "WPD") and Gregory Bradshaw ("Bradshaw") (collectively, "Defendants"), and respectfully shows the Court as follows:

## JURISDICTION

1.     The plaintiff brings this action for injunctive relief and damages under 28 U.S.C. §§ 1331, 1343(4), 2201, 2202, and 28 USCS § 1367 for claims under Georgia law. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights caused by the Defendant.

2.     This suit is authorized and instituted under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, et seq. (Title VII).

3.     This suit is authorized and instituted under 42 U.S.C. §1983.

4.     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A).  The plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## **PARTIES**

5.     Plaintiff, Tammy Kilgo, is a resident of Thomaston, Upson County, Georgia, and performed work for the Defendants in the counties composing the Northern District, Newnan Division during the events of this case.  Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Newnan Division.

6.     Defendant Woodbury Police Department is an agency of the City of Woodbury, Georgia and has sufficient minimum contacts with the with the State of Georgia. It is subject to service of process in Georgia.

7.     Defendant WPD employed at least fifteen (15) people during the current or preceding calendar year.

8.     Defendant Gregory Bradshaw was a Chief at the Woodbury Police Department. He is a resident of Clayton County Georgia.

9.     Bradshaw is sued in his individual capacity.

## **FACTS**

10.    Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

11.    On or about February 2, 2022, Ms. Kilgo began her employment with Defendant WPD as a Police Officer.

12.    On or about April 20, 2022, Ms. Kilgo was transferred into an administrative assistant position, reporting to then acting Chief, Gregory Bradshaw.

13.    Prior to his employment with the City of Woodbury Police Department, Bradshaw was employed with the Talbot County Sheriff's Office.

14.    Upon information and belief, Bradshaw was not interviewed and not even a cursory check of his background was conducted.

15.    Two sexual harassment complaints, from both a coworker and a citizen, were made against Bradshaw while he worked with the Talbot County Sheriff's Office.

16.    As soon as Ms. Kilgo began working in Bradshaw's office, he began making inappropriate sexual comments about her appearance.

17.    Bradshaw routinely commented that Ms. Kilgo's shirt made her "tits look good" or that her pants made her "ass look good."

18.    Bradshaw would often tell Ms. Kilgo what he wanted her to wear.

19.    Each day, Bradshaw would call Ms. Kilgo into his office and make her sit on his lap.

20.    When Bradshaw made Ms. Kilgo sit on his lap, he would become aroused and would tell her he needed to reposition himself.

21.    During this time, Ms. Kilgo felt trapped and cornered because Bradshaw was her boss and the acting Chief.

22.    Lieutenant Middlebrooks was Ms. Kilgo's direct supervisor, and Lt. Middlebrooks was present to hear many of the sexual comments that Bradshaw made to Ms. Kilgo.

23.    One day, Bradshaw came to Ms. Kilgo's desk to help with a computer problem. He told Ms. Kilgo to sit on his lap, and she reluctantly complied.

24.    Later that day, Bradshaw exposed himself to Ms. Kilgo by pulling his penis out.

25.    When Bradshaw exposed himself, he said "I told you black guys are big. Don't you think I am big?"

26.    After this, Ms. Kilgo left and clocked out for the day.

27.     On or about July 25, 2022, Bradshaw returned from a vacation and called Ms. Kilgo into his office.

28.     When Ms. Kilgo went into his office, the lights were off.

29.     Ms. Kilgo went in and sat in chair, but after some time he asked her to sit on his lap.

30.     Before Ms. Kilgo was forced to sit on Bradshaw's lap, Lieutenant Middlebrooks came into the room and turned the lights on.

31.     After Lieutenant Middlebrooks came in, Ms. Kilgo immediately left the room.

32.     Later, Bradshaw said it was a good thing Middlebrooks came in when he did, because of what he was going to ask Ms. Kilgo to do.

33.     Ms. Kilgo left the office and quit her job due to the constant sexual harassment.

## CLAIMS FOR RELIEF

### COUNT I: TITLE VII – SEX HOSTILE WORK ENVIRONMENT – Against Woodbury Police Department

34.     Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

35.     Chief Bradshaw harassed Plaintiff because of her sex.

36.     The harassment created a hostile work environment for Plaintiff.

37.     Defendant WPD's actions in subjecting Plaintiff to severe and ongoing sexual harassment constitute unlawful discrimination on basis of Plaintiff's sex in violation of Title VII.

38.     Defendant WPD wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

39.     As a direct and proximate result of Defendant WPD's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

40.     Plaintiff suffered damages because of the hostile work environment including loss of pay, benefits, and mental anguish.

## COUNT II: NEGLIGENT AND WRONGFUL HIRING, RETENTION, AND SUPERVISION – Against Woodbury Police Department

41.     Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if fully set out herein.

42.     Defendant WPD, in the exercise of ordinary diligence, should have known of the propensity of their employee, Gregory Bradshaw, to engage in sexually offensive conduct toward subordinate employees, and toward Ms. Kilgo in particular.

43.     Defendant WPD is liable for the conduct alleged herein, as Chief Bradshaw was a high ranking employee of Defendant and, acting as their agent, created an environment in which sexual harassment was common and considered

acceptable behavior. Accordingly, all Defendants are liable in negligence for Chief Bradshaw's behavior which failed to comply with duties established by the law and Defendant's own employment policies.

44.    Defendant WPD failed to use reasonable care to prevent Bradshaw's conduct in sexually harassing, assaulting, battering, and inflicting emotional distress on Plaintiff.

45.    Because Defendant WPD failed to comply with its duty of reasonable care to prevent Bradshaw's tortious conduct, Ms. Kilgo was sexually harassed; was assaulted and battered; and was subjected to intentional infliction of emotional distress.

46.    Defendant WPD is liable for the conduct alleged herein, as it negligently failed to stop an environment in which sexual harassment was common and considered acceptable behavior toward other employees.

47.    Defendant WPD is liable in negligence for its negligent failure to comply with duties established by law and Defendant WPD's own employment policies.

48.    Defendant WPD failed to act to protect Ms. Kilgo from sexual harassment, assault and battery, and intentional infliction of emotional distress, thereby causing her personally emotional distress and mental anguish. This failure includes retaining Bradshaw, upon information and belief he was not interviewed

and not even a cursory check of his background was conducted, which would have shown a propensity of sexually offensive conduct toward his employees.

## COUNT III: 42 U.S.C. § 1983 – HOSTILE WORK ENVIRONMENT - Against Gregory Bradshaw

49. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if fully set out herein.

50. Because of Bradshaw's actions, the conduct of Bradshaw was vindictive, oppression, malicious, wanton, willful and reckless, all in knowing disregard of Plaintiff's rights to equal protection, guaranteed to her by the Fourteenth Amendment to the United States Constitution.

51. Gregory Bradshaw harassed Ms. Kilgo because of her sex.

52. Bradshaw's harassment and constant pressure for Plaintiff to engage in inappropriate behavior with Bradshaw created a hostile work environment.

53. Bradshaw had supervisory authority over Ms. Kilgo in the terms and conditions of her employment.

54. Bradshaw, who was the Plaintiff's supervisor, took his actions, propositioning Plaintiff for sexual favors, under color of state law.

55. Plaintiff was damaged by Bradshaw's actions and continues to suffer damage, including significant emotional distress.

## COUNT IV: ASSAULT – Against Gregory Bradshaw

56.     Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if fully set out herein.

57.     On every occasion Ms. Kilgo was apprehensive of a potential battery from Defendant Bradshaw, Defendant Bradshaw committed an assault against Ms. Kilgo.

58.     Defendants are liable for all general and special damages proximately resulting from each assault of Ms. Kilgo.

## COUNT V: INVASION OF PRIVACY – Against Gregory Bradshaw

59.     Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if fully set out herein.

60.     Bradshaw intruded into Plaintiff's solitude and seclusion of Plaintiff's private affairs. Thomas intruded into Plaintiff's affairs by describing his sexual gratification while watching her and forcing her to sit on his lap.

61.     Defendant's intrusion was highly offensive.

62.     Because of defendant's intrusion, plaintiff has suffered general and special damages.

## COUNT VI: OUTRAGE – Against Gregory Bradshaw

63.     Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if fully set out herein.

64.     Bradshaw's conduct in sexually harassing Plaintiff by forcing her to sit on his lap, exposing his penis to her, and discussing his sexual gratification at the sight of her was intentional or reckless.

65.     Bradshaw's conduct was extreme and outrageous.

66.     Bradshaw's conduct caused emotional distress so severe that no person could be expected to endure it.

### COUNT VII: PUNITIVE DAMAGES, O.C.G.A. § 15-12-5.1

67.     Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if fully set out herein.

68.     The foregoing acts of Defendants were intentional, were intended to cause harm, and to humiliate Plaintiff, and evidence a conscious disregard for the rights of Plaintiff, and a demonstrate a specific intent to cause harm. Ms. Kilgo is entitled to recover from Defendants, in addition to compensatory damages, an award of punitive damages under the law of Georgia to punish Defendants, or to deter them from repeating such wrongful acts.

### COUNT VIII: ATTORNEYS' FEES AND EXPENSES OF LITIGATION, O.C.G.A. § 13-6-11

69.     Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if fully set out herein.

70.     Defendants acted in bad faith in engaging in intentionally tortious misconduct, and/or caused Ms. Kilgo unnecessary trouble and expense in litigating

this case, and Ms. Kilgo is thus entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.    Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of 42 U.S.C. § 1983;

B.    Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Title VII of the Civil Rights Act of 1964;

C.    Award her back pay, with employment benefits, front pay, liquidated damages; compensatory damages, special damages; punitive damages nominal damages;

D.    Attorneys' fees and costs;

E.    Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

F.    Any different or additional relief as determined by the Court to which Plaintiff is entitled.

*/s/ Kira Fonteneau*
—————————————————————
 Kira Fonteneau


**OF COUNSEL:**


Barrett & Farahany
P.O. Box 530092
Atlanta, GA 30353
kira@justiceatwork.com

## PLEASE SERVE DEFENDANTS AS FOLLOWS

**City of Woodbury Police Department**

**18053 Main Street**

**Woodbury, GA 30293**


**Gregory Bradshaw**

**7455 Paul Ct**

**Riverdale, GA 30274**

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | | |
|---|---|---|
| **TAMMY KILGO,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **Case No.:** |
| **V.** | ) | |
| | ) | |
| **CITY OF WOODBURY POLICE** | ) | **JURY TRIAL DEMANDED** |
| **DEPARTMENT & GREGORY** | ) | |
| **BRADSHAW,** | ) | |
| | ) | |
| **DEFENDANTS.** | | |

**CONFLICT DISCLOSURE STATEMENT**

COMES NOW the Plaintiff, Tammy Kilgo, through the undersigned attorney of record, and under the Order of this Court, making the following disclosure about parent companies, subsidiaries, partners, limited liability entity members and managers, trustees (but not trust beneficiaries), affiliates, or similar entities reportable under the Northern District of Georgia's Order:     **This party is an individual.**

Respectfully submitted on December 23, 2023.

*/s/ Kira Fonteneau*
_____
Kira Fonteneau